Powell v. Bergner.

---

## David E. Powell
### v.
## Peter A. Bergner et al.

*Landlord and Tenant—Recovery of Rent—Statute of Frauds.*

In an action brought to recover for rent alleged to be due, fixtures removed, money paid in repairing damages done to the building in question, and the price of an iron grating, this court holds, in view of the evidence, that the judgment for the plaintiff was too small in a sum named, and reverses the same.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. McCULLOCH & McCULLOCH, for appellant.

Mr. JUDSON STARR, for appellees.

MR. JUSTICE HARKER. This was an action of assumpsit by appellant to recover for the rent of a store house, fixtures removed, money paid in repairing damages done to the building by appellees, and the price of an iron grating. To the declaration, which contained the common counts only, the general issue alone was pleaded.

There was a trial without a jury and a judgment rendered by the court in favor of the plaintiff for $75, rent for one-half month. He is dissatisfied with the judgment and brings the case to this court for reversal, claiming there is due and unpaid him, for rent $598.33, for a bull's-eye grating put in at the request of appellees for their use $115, for money paid out in repairing damages done the building by appellees, and for fixtures removed by them when they vacated the store-room.

The premises rented were a store-room and a basement in the city of Peoria. They were occupied by appellees from May 15, 1890, to August 1, 1891, but the court held they were liable to pay rent until the 15th of August, 1891. Appellant testified that the rental value was $1,900 per year, but that he agreed to rent the premises for a period of five years from the 15th of May, 1890, at a rental of $1,560 for the first year and $1,800 for each subsequent year; that a written lease was to be executed, but for some reason never was, and that appellees vacated the premises without his consent.

Appellees denied that there was an agreement to lease for five years. One of them, P. A. Bergner, between whom and appellant the negotiations for renting were carried on, testified that they were to have the premises at the rate of $130 per month for the first year, and $150 per month afterward, but that no number of years was agreed upon.

The court correctly held them to be tenants by the month and chargeable with rent until the 15th of August, 1891. The evidence shows that all rent up to the 1st of August, 1891, the time when the premises were vacated, was paid.

Appellant concedes that the contract of leasing for five years, as testified to by him, was void under the statute of frauds, for the reason that it was not reduced to writing, but contends that appellees, having invoked the aid of the statute in their defense, became liable to pay rent according to the rental value of the premises for the whole period of time they were occupied by them, i. e., at the rate of $1,900 per year. We are unable to see the force of this contention, or the application of the authorities cited in support of it. Appellees did not plead the statute of frauds, nor in any manner invoke its aid as a defense. They denied that there was an agreement to rent for any number of years. Their position was that the letting was by the month, at a rental of $130 per month for the first year and $150 per month for such further time as they might occupy the premises. They do not say there was no contract because the agreement fell within the statute of frauds. They aver there was a contract and that they have lived up to it. The statute of frauds is not involved, and only appears in the controversy as the " man of straw" erected by appellant himself.

Upon leaving the premises, appellees removed certain trade fixtures which they had erected for their convenience in carrying on their business. These, appellant claims, were permanently attached to the building and insists that he should have damages for their removal. They were not permanent fixtures; they were the property of appellees and they had the right to remove them.

The evidence fails to show that appellant was entitled to recover money paid out in repairing the building after being vacated by appellees. No damage above ordinary wear and tear was done the building by appellees.

Upon the claim for the bull's eye grating, appellant testified that appellees agreed to pay for it and that it cost $115. Appellees denied that they agreed to pay the entire cost of

it, but admitted that they agreed to pay $50, or one-half its cost. Clearly, under the evidence, appellees were chargeable with $50 on this claim, and the Circuit Court erred in not including it in his finding and judgment.

The judgment below will therefore be reversed and judgment rendered in this court in favor of appellant and against appellees for $125 and all costs of suit.

*Judgment reversed.*